| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>ANSELL GRIMM & AARON, P.C.<br>Anthony D'Artiglio, Esq. (117682014)<br>Brian J. Ashnault, Esq. (280072019)<br>Nicole Benis, Esq. (376152022)<br>Ansell Grimm & Aaron, P.C.<br>365 Rifle Camp Road<br>Woodland Park, New Jersey 07424<br>Tel: (973) 247-9000<br>E-mail: adartiglio@ansell.law<br>bashnault@ansell.law<br>nbenis@ansell.law<br>*Attorneys for Creditors Cory Conniff, Kavitra Kalra, Rupan Trikha, Niti Trikha, and Shetal Patel* | Hon. Eamonn O' Hagan, U.S.B.J. |
| In re:<br><br>Shulamit Prager,<br><br>Debtor. | Case No.: 26-14723 (EJO)<br><br>Chapter 7 |
| In re:<br><br>Avrohom Prager (a/k/a Shaya Prager),<br><br>Debtor | Case No.: 26-14727 (EJO)<br><br>Chapter 7<br><br>Hearing Date: June 4, 2026 at 10 a.m. |

**DECLARATION OF RUPAN TRIKHA IN OPPOSITION TO THE DEBTORS' MOTION TO DISMISS THE INVOLUNTARY PETITIONS UNDER SECTION 303 OF THE BANKRUPTCY CODE**

I, Rupan Trikha, declare under penalty of the perjury under the law of the United States:

1. I am a Preferred Member of Wood Ave 194 LLC ("Wood LLC") and Riverside Richmond Member LLC ("Riverside LLC"). In addition to the Wood LLC and Riverside LLC, I have operated as a representative of the Preferred Members for the Liberty 1100 VA DR Member LLC ("Liberty LLC"). I submit this declaration in support of the Creditors' Cory Conniff

("Cory"), Kavitra Kalra ("Kavitra"), Rupan Trikha ("Rupan"), Niti Trikha ("Niti"), and Shetal Patel ("Shetal", and collectively the "Creditors") Opposition to the Debtors' Motion to Dismiss the Involuntary Bankruptcy Petitions against Debtors Avrohom Prager ("Avrohom") and Shulamit Prager ("Shulamit" and together with Avrohom, the "Debtors") (the "Motion"). Annexed hereto as **Exhibit A** is a true and accurate copy of the Liberty LLC First Amendment to Amended and Restated Limited Liability Company Agreement together with the corresponding guaranty signed by the Debtors.

2. Annexed hereto as **Exhibit B** is a true and accurate copy of the Riverside LLC First Amendment to Limited Liability Company Agreement together with the corresponding guaranty signed by the Debtors.

3. Annexed hereto as **Exhibit C** is a true and accurate copy of the Wood LLC First Amendment to Amended & Restated Limited Liability Company Agreement together with the corresponding guaranties signed by the Debtors.

4. As of January 2024, the Liberty LLC Preferred Members have not received any funds in connection with the Liberty LLC.

5. As of November 2023, the Riverside LLC Preferred Members and Wood LLC Preferred Members have not received any funds in connection with the Riverside LLC nor the Wood LLC.

6. As of April 1, 2026, the total amount due to the Preferred Members of the Liberty LLC, Wood LLC and Riverside LLC accounting for preferred returns and the redemption amount totals $35,837,500.00.

7. I became aware of news articles discussing significant debts owed by the Debtors. True and accurate copies of news articles regarding the Debtors are annexed hereto as **Exhibits C**

and **D.**

8. Indeed, the Debtors are involved in multiple other lawsuits as a result of unpaid debts with lenders from New Jersey, Ohio, Texas, Florida, Illinois, and Minnesota suing them for the funds due and owing. Annexed hereto as **Exhibit E** is a true and correct copy of the news articles and Cherry Hill complaint.

9. Specifically, Debtors were sued in the amount of more than $9 million dollars by Cherry Hill Management, LLC. *See* **Exhibit E**.

10. Also, I've located articles indicating a lawsuit filed in Texas against Debtors for significant sums due and owing, *In re Burnett Cherry Street, LLC, Burnett Cherry Street Member, LLC; Burnett Plaza Holdings, LLC; Opal Holdings, LLC; and Avrohom "Shaya" Prager*, Trial Court No. 017-350815-24. Annexed hereto as **Exhibit F** is a true and correct copy of the Texas news article regarding the lawsuit.

11. Additionally, there is a lawsuit in the Supreme Court of New York, County of New York, *CPIF Bloomington, LLC v. Avrohom Prager*, Index No. 651048/2025 wherein Plaintiff sought repayment from Debtors under a personal guaranty for approximately $14 million dollars. Annexed hereto as **Exhibit G** is a true and correct copy of that New York County complaint and motion decision.

12. Indeed, the Court held in its decision and order on a motion (referenced at NYSCEF Doc. No. 39) that Defendant, i.e. Avrohom "Shaya" Prager was using litigation tactics to delay or obstruct recovery efforts. *See* **Exhibit G**.

13. Furthermore, the Court in the United States District Court for the Southern District of Florida, Miami Division, Case No. 12-21695-CIV-ALTONAGA/Simonton, *A Aventura Chiropractic Center, Inc., v. Med Waste Management LLC, et. als.* held that Shaya's testimony

was 'shifting.' Annexed hereto as **Exhibit H** is a true and correct copy of the Florida action and motion for class certification order.

14. Unsurprisingly, in 2013 there was another litigation filed in the United States District Court for the Southern District of Florida, Miami Division, *A Aventura Chiropractic Cetner v. James River Insruance Company et. al*., Case No. 1:3-cv-23608-KMM. Annexed hereto as **Exhibit I** is a true and correct copy of the other Florida litigation.

15. Throughout the state court litigation, Debtors represented that their investments are "under water" and that they did not have any funds to satisfy these obligations.

16. In light of the hundreds of millions of dollars in other debts (that we are aware of) and Debtors' repeated representations that their real estate investments are "under water," we believe that a Bankruptcy is the most efficient way to address the substantial debts subject to litigation in numerous different jurisdictions.

17. This Bankruptcy would allow the Debtors' nine-figure liabilities in one centralized forum where the Debtors reside rather than a "race to the Courthouse" with ad hoc collections arising from judgments across the country wherein similarly situated creditors who receive their judgment first would be preferred.

18. Furthermore, we learned that other creditors accused Debtors of engaging in fraudulent conduct related to their real estate loans. *See* **Exhibits E** through **I**.

19. We learned that the Debtors have substantial trusts and, in conjunction with the allegations of fraudulent behavior in other matters, we have legitimate concerns the Debtors either took, or presently continue to take, actions designed to place their assets outside the reach of creditors.

20. Indeed, the Debtors received huge loans from numerous sources, failed to pay

vendors performing construction work, failed to service these loans, yet claim they are not in receipt of any funds at all to pay their creditors.

21. We file this involuntary Bankruptcy not for any litigation purpose, but based on the sincerely held belief that, in light of the massive amount of debts, allegations of fraud in other forums, and concern about the potential disposition of substantial funds that otherwise could have been used to pay these debts, one centralized forum is necessary to administer all claims against the Debtors to ensure fair treatment for their substantial creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: ____________, New Jersey
May 28, 2026

Rupan Trikha