# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CPIF Bloomington, LLC,<br><br>Plaintiff,<br><br>vs<br><br>AVROHOM PRAGER,<br><br>Defendant. | Index No. ______________<br><br>**SUMMONS** |

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon the undersigned Plaintiff's attorney an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Plaintiff designates New York County as the place of trial. Pursuant to CPLR 501 and 503, venue in this Court is based on the fact that the Guaranty and the other Loan Documents (each as defined in the Complaint) all provide for venue in the courts of the State of New York, County of New York.

[*Signature Page Follows*]

Dated: February 24, 2025
New York, New York

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Abbey Walsh*
Michael J. Barrie
Abbey Walsh
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
T: (646) 593-7050
E: mbarrie@beneschlaw.com
abbey.walsh@beneschlaw.com

*Attorneys for Plaintiff*

TO:

**Avrohom Prager**
212 2nd Street, Suite 104
Lakewood, New Jersey 08701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CPIF Bloomington, LLC,<br><br>Plaintiff,<br><br>vs<br><br>AVROHOM PRAGER,<br><br>Defendant. | Index No. _____________<br><br>**COMPLAINT** |

Plaintiff CPIF Bloomington, LLC ("Plaintiff"), for its complaint against Defendant Avrohom Prager ("Guarantor" or "Defendant"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to enforce Plaintiff's right to the payment of an amount of not less than $14,661,888.81 under the Payment and Performance Guaranty dated June 28, 2022 (the "Guaranty") made by Defendant Avroham Prager for the benefit of CPIF MRA, LLC ("Original Lender" and, together with Plaintiff, "Lender"). Plaintiff is the assignee of Original Lender and, as detailed further below, has succeeded to all of Original Lender's rights, title and interest under the Guaranty.

**PARTIES**

2. Plaintiff is a Delaware limited liability company with a principal place of business at 1940 Fairview Avenue East, Suite 200, Seattle, Washington 98102, and is the "Lender" under the Guaranty, the Loan Agreement (as defined herein) and the other loan documents.

3. Upon information and belief, Defendant is a citizen of the State of New Jersey and maintains a residence in Ocean County, New Jersey.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are appropriate because Guarantor submitted to the jurisdiction of the courts having jurisdiction in the city of New York, state of New York.

## FACTUAL BACKGROUND

### I. THE LOAN AGREEMENT.

5. Non-party Liberty 8500 Normandale, LLC, a Minnesota limited liability company (the "Borrower") was the holder of a ground leasehold estate interest in certain real property and improvements located in the Normandale Lake Office Park and having a street address of 5800 84th Street West, Bloomington, Minnesota 55437 (the "Ground Lease").

6. The property covered by the Ground Lease consists of a commercial office building containing 467,016 rentable square feet of space and one parking garage as well as other improvements.

7. In order to finance Borrower's acquisition of an interest in the Ground Lease, Original Lender and Borrower entered into that certain Loan Agreement dated as of June 28, 2022 (as amended, supplemented, or otherwise modified prior to the date hereof, the "Loan Agreement").

8. A true and correct copy of the Loan Agreement, as amended, is attached hereto as **Exhibit A.**

9. Subject to the terms and conditions set forth in the Loan Agreement, Original Lender loaned Borrower an aggregate principal amount of $65,000,000 (the "Loan").

10. The Loan was secured by a mortgage interest in the Ground Lease and certain other property held by Borrower as evidenced by that certain Leasehold Mortgage, Assignment of Leases and Rents, Assignment of Contracts, Security Agreement, and Fixture Filing executed by Borrower in favor of Lender dated as of June 28, 2022 and filed with the Office of the Registrar

of Titles in and for Hennepin County, Minnesota (the "Registrar") as Document No. 5964469 on Certificate of Title No. 1548012 (the "Mortgage").

## II. BORROWER DEFAULTS ON THE LOAN.

11. The Loan matured on July 1, 2024 (the "Maturity Date").

12. Failure to pay the due and owing principal, interest and other outstanding amounts under the Loan Agreement and other loan documents (the "Obligations") on the Maturity Date is an Event of Default under the Loan Agreement. Loan Agreement, § 17.1.2.

13. Borrower failed to repay the Obligations on the Maturity Date (the "Maturity Event of Default").

14. On July 2, 2024, counsel for Original Lender delivered to Borrower and Guarantor a Notice of Default and Reservation of Rights (the "Default Notice"), notifying them of the occurrence and continuation of multiple Events of Default (as defined in the Loan Agreement) under the Loan Documents (as defined in the Loan Agreement), including the Maturity Event of Default, and demanding payment of all Obligations.

15. The Default Notice also notified Borrower and Guarantor that the indebtedness under the Loan Agreement and other Loan Documents had accrued, and was continuing to accrue, interest at the Default Rate (as defined in the Loan Agreement) commencing with the date of the first-occurring Event of Default.

16. A true and correct copy of the Default Notice is attached hereto as **Exhibit B**.

17. To date, Lender has not received any payment or performance from Borrower or Guarantor with respect to the Obligations.

## III. LENDER FORCLOSURE ON COLLATERAL SECURING THE LOAN.

18. On August 6, 2024, Original Lender commenced a foreclose proceeding on the property secured by the Mortgage (the "Foreclosure") by filing its Notice of Pendency and Power of Attorney to Foreclose with the Registrar as Document No. 6088663.

19. On November 26, 2024, at a sheriff's sale in Hennepin County, Minnesota, Plaintiff, as assignee of Original Lender, submitted a credit bid of the Obligations in the amount of $65,000,000 (the "Credit Bid") for the property secured by the Mortgage. There were no other bids submitted at the sheriff's sale.

20. The sheriff declared the Credit Bid to be the winning bid and Plaintiff purchased the property secured by the Mortgage, including the Ground Lease, in exchange for the Credit Bid.

21. A Sheriff's Certificate of Sale dated as of November 26, 2024 evidencing the sale, including denoting the purchase price and identifying Plaintiff as purchaser, is attached hereto as **Exhibit C**.

22. Prior to the Plaintiff's Credit Bid, the amount due and owing under the Loan Documents was not less than $79,661,888.81.

23. After reducing the Obligations by the amount of the Credit Bid, there remained a deficiency of not less than $14,661,888.81 due and owing by Borrower and Guarantor under the Loan Documents plus Default Interest and other fees, costs and expenses that have accrued and will accrue after the closing of the Foreclosure sale.

## IV. THE GUARANTY.

24. Contemporaneously with the execution and delivery of the Loan Documents and as a condition to Original Lender making the Loan to Borrower, Guarantor executed and delivered the Guaranty to Original Lender, guarantying "the full and prompt payment of all amounts payable by Borrower to Lender under the Loan Documents" and "the full, complete, and punctual

performance and satisfaction of all of Borrower's obligations under the Loan Documents" (collectively, the "Guaranteed Obligations"). Guaranty, § 2.1.

25. A true and correct copy of the Guaranty is attached hereto as **Exhibit D**.

26. As represented in the Recitals of the Guaranty, Guarantor derived material financial benefit from the Loan.

27. In addition to the Guaranteed Obligations, Guarantor is liable to Plaintiff for all fees, costs, and expenses incurred in connection with Lender's enforcement of the Guaranty, including, without limitation, legal expenses and interest thereon at the Default Rate (the "Enforcement Costs") if, among other reasons, the Guaranty is placed in the hands of an attorney for collection or is collected through any legal proceeding. Guaranty, § 14.

28. Plaintiff has retained counsel to represent it in connection with the collection of the Guaranteed Obligations from Guarantor, including to draft this Complaint and represent Plaintiff in this action.

29. Guarantor is obligated to pay or perform the Guaranteed Obligations and Enforcement Costs "[u]pon the occurrence of an Event of Default under the Loan Documents . . . immediately on demand by Lender, regardless of any defense, right of setoff, or claims Borrower or Guarantor may have against Lender." Guaranty, § 5.1.

30. As of the date hereof, multiple Events of Default have occurred and are continuing, including, without limitation the Maturity Event of Default.

31. Pursuant to Section 9.2 of the Guaranty, Guarantor is liable for payment and performance of the Guaranteed Obligations until all amounts due to Lender under the Loan Agreement, and other Loan Documents have been paid in full. Guaranty, § 9.2.

32. The Default Notice demanded payment of the Obligations by all Loan Parties, which includes Guarantor.

## V. ORIGINAL LENDER ASSIGNS ITS MORTGAGE INTEREST TO PLAINTIFF.

33. Original Lender and Plaintiff entered into that certain General Assignment and Assumption dated as of October 7, 2024 pursuant to which Original Lender granted, transferred and conveyed to Plaintiff all its right, title and interest in, to and arising out of the Loan and it's the Loan Documents, including all guaranties, demands, claims and causes of action relating thereto.

34. On October 16, 2024, the Original Lender filed the executed General Assignment and Assumption with the Registrar as Document No. 6100749 (the "General Assignment").

35. A true and correct copy of the General Assignment is attached hereto as **Exhibit E.**

36. The Guaranty provides that "Lender may, without notice to Guarantor, at Lender's sole cost and expense, assign, participate, syndicate, or transfer the Loan, in whole or in party. In such event, each assignee, transferee, or holder of all or any part of the Loan may enforce this Guaranty". Guaranty, § 13.

37. Accordingly, under the terms of the Guaranty and the General Assignment, Plaintiff has succeeded to all of Original Lender's rights under the Guaranty and may enforce the Guaranty.

## VI. THE GUARANTEED OBLIGATIONS AND ENFORCEMENT COSTS HAVE NOT BEEN PAID.

38. Despite Plaintiff's demand, Guarantor has not paid the Guaranteed Obligations.

39. As of February 21, 2025, the amount of due and owing Guaranteed Obligations was not less than $14,661,888.81.

40. In addition, Plaintiff has incurred and continues to incur Enforcement Costs in connection with its attempts to enforce and collect under the Guaranty, for which Guarantor is also liable. Guarantor has not paid any of the Enforcement Costs.

**COUNT I**

**(Breach of Contract - Guaranty)**

41. Plaintiff hereby incorporates each preceding paragraph by reference as if re-alleged in full.

42. The Loan Documents are valid, binding, and enforceable agreements.

43. The Guaranty is a valid, binding, and enforceable agreement.

44. Plaintiff has performed all of its obligations under the Loan Documents.

45. Plaintiff has performed all of its obligations under the Guaranty.

46. All conditions precedent to Guarantor's performance under the Guaranty have occurred.

47. Guarantor has failed to make the required payments under the Guaranty.

48. The amount due and owing by Guarantor under the Guaranty as of February 21, 2025 is not less than $14,661,888.81, with interest accruing thereafter at the Default Rate under the Loan Agreement, plus attorneys' fees, costs and expenses incurred by Plaintiff in accordance with the Guaranty, and all other sums provided for under the Guaranty and the other Loan Documents.

49. In addition, Plaintiff has incurred and is continuing to incur Enforcement Costs, for which Guarantor is liable under the Guaranty.

50. The failure of Guarantor to pay Plaintiff such sums as are due and owing under the Guaranty constitutes a breach of contract.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff demands judgment against Defendant as follows:**

A. Awarding Plaintiff a judgment in its favor and against each Guarantor as follows:

a. For the sum of $14,661,888.81, plus interest at the contractual Default Rate from and after February 21, 2025;

b. For the sum of Plaintiff's Enforcement Costs under the Guaranty, together with interest at the contractual Default Rate;

c. For all other sums provided for under the Guaranty, the Loan Agreement, and any of the other Loan Documents, inclusive of any applicable interest rate; and

d. Post-judgment interest on these amounts at the contractual Default Rate.

B. Granting Plaintiff such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves all rights to amend this Complaint, to seek additional relief and assert any additional claims, facts, or legal theories.

Dated: February 24, 2025
New York, New York

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Abbey Walsh*
Michael J. Barrie
Abbey Walsh
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
T: (646) 593-7050
E: mbarrie@beneschlaw.com
abbey.walsh@beneschlaw.com

*Attorneys for Plaintiff*