**Hearing Date: August 13, 2026 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  August 6, 2026 at 4:00 p.m. (Prevailing Eastern Time)**

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: (973) 287-0966
Fax: (973) 226-4104

*Counsel to the Alleged Debtors*

</td></tr>
<tr><td>

In re:

Shulamit Prager,

          Alleged Debtor.

</td><td>

Chapter 7

Case No. 26-14723 (EJO)

</td></tr>
<tr><td>

In re:

Avrohom Prager (a/k/a Shaya Prager),

          Alleged Debtor.

</td><td>

Chapter 7

Case No. 26-14727 (EJO)

</td></tr>
</table>

**NOTICE OF ALLEGED DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ABSTAINING FROM AND DISMISSING THESE INVOLUNTARY CASES**
**PURSUANT TO SECTION 305(a)(1) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor

in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United

States Bankruptcy Court for the District of New Jersey (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Bankruptcy Rules for the District of New Jersey and shall be filed with the Court electronically by

registered users of the Court's case filing system, and by all other parties in interest, on a compact

disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other

Windows-based word processing format) with a hard copy delivered to the chambers of the

Honorable Eamonn J. O'Hagan and shall be served so as to be actually received by no later than

**August 6, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "*Objection Deadline*") by the

following: A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New

Jersey 07039, Attn: Eric H. Horn, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Motion and any

objections related thereto will be held (in the event of any such objections or responses) before the

Honorable Eamonn J. O'Hagan of the United States Bankruptcy Court for the District of New

Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608,

Courtroom No. 2 on **August 13, 2026 at 10:00 a.m. (prevailing Eastern Time).**  Please refer to

https://www.njb.uscourts.gov/content/honorable-eamonn-ohagan for further information.

Dated: July 16, 2026

                                        **A.Y. STRAUSS LLC**

                                        By: */s/ Eric H. Horn*
                                        Eric H. Horn, Esq.
                                        Maria A.G. Harper, Esq.
                                        290 West Mount Pleasant Avenue, Suite 3260
                                        Livingston, New Jersey 07039
                                        Tel: (973) 287-0966
                                        Fax: (973) 226-4104

                                        *Counsel to the Alleged Debtors*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-2*<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>Maria A.G. Harper, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel: (973) 287-0966<br>Fax: (973) 226-4104<br><br>*Counsel to the Alleged Debtors* | |
| In re:<br><br>Shulamit Prager,<br><br>       Alleged Debtor. | Chapter 7<br><br>Case No. 26-14723 (EJO) |
| In re:<br><br>Avrohom Prager (a/k/a Shaya Prager),<br><br>       Alleged Debtor. | Chapter 7<br><br>Case No. 26-14727 (EJO) |

**ALLEGED DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ABSTAINING FROM AND DISMISSING THESE INVOLUNTARY**
**CASES PURSUANT TO SECTION 305(a)(1) OF THE**
**BANKRUPTCY CODE**

Avrohom Prager (a/k/a Shaya Prager, "***Shaya Prager***") and Shulamit Prager ("***Mrs.***

***Prager***") (husband and wife), the above captioned alleged debtors (each an "***Alleged Debtor***" and

collectively, the "***Alleged Debtors***"), by and through undersigned counsel, hereby move this Court,

pursuant to Section 305(a)(1) of Title 11 of the United States Code (the "***Bankruptcy Code***"), for

entry of an order abstaining from and dismissing the involuntary cases (collectively, the

"***Involuntary Cases***") commenced against them by the involuntary petitions (collectively, the

"***Involuntary Petitions***") filed by Cory Conniff ("***Conniff***"), Kavitra Kalra ("***Kalra***"), Rupan

Trikha ("***Rupan***"), Niti Trikha ("***Niti***"), and Shetal Patel ("***Patel***" and together with Conniff, Kalra, Rupan, and Niti, the "***Petitioning Parties***"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      These Involuntary Cases are nothing more than a two-party dispute that is already the subject of two years of active litigation in the Superior Court of New Jersey (the "***State Court***"). The Petitioning Parties are preferred ***equity*** investors, represented by a single law firm, who commenced litigation (through a different law firm) in the State Court in July 2024 against the Alleged Debtors over disputed claims for unpaid preferred equity returns (the "***State Court Action***").  Over the course of the State Court Action, the Petitioning Parties came to recognize that succeeding on the merits would be an uphill battle, given the hotly disputed factual issues and the divergent interests among the various plaintiffs. They therefore sought to change forums, hoping that this Court would prove more receptive to their claims than the State Court.

2.      The claims alleged in the Involuntary Petitions are identical to the claims alleged in the State Court Action.  Indeed, the gross duplication of the Involuntary Petitions became clearer in the last ten days, when the Petitioning Parties served discovery requests on the Alleged Debtors that are virtually identical to the discovery requests they made in the State Court Action.  Section 305(a)(1) of the Bankruptcy Code exists precisely to permit this Court to abstain where, as here, an involuntary bankruptcy is being used as a substitute for, and a cudgel in, ordinary two-party litigation.

3.      To be clear, this is a simple two-party dispute.  The Involuntary Petitions were filed on April 28, 2026 (the "***Petition Date***").  In the two months since the Petition Date, not a single creditor has joined the Involuntary Petitions, moved to intervene as a petitioning creditor, or otherwise sought any relief in these cases.  Indeed, even after the hearing on June 4, 2026 on the

Alleged Debtors' pending motion to dismiss the Involuntary Petitions, and after this Court directed the parties to submit a joint scheduling order within thirty (30) days, no creditor has sought to join the Involuntary Petitions. If the broader creditor body believed that a collective federal insolvency proceeding served its interests, it had every opportunity to say so.

4.     What remains, therefore, is exactly what the Petitioning Parties started with – a private, bilateral dispute between a discrete group of equity investors and the Alleged Debtors, which is already the subject of a substantially developed, actively litigated action pending in another, entirely adequate forum. The interests of both the Petitioning Parties and the Alleged Debtors, as well as judicial economy, would be better served by permitting the State Court Action to run its course and by this Court abstaining under Section 305(a)(1).

5.     Abstention would prejudice no one. The Petitioning Parties retain their State Court claims, in which the existence, validity, and amount of their (disputed) claims are already squarely at issue, and the Alleged Debtors would be relieved of the extraordinary consequences of an involuntary bankruptcy that no other creditor has seen fit to endorse.

## JURISDICTION AND VENUE

6.     The United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 305(a)(1).

## BACKGROUND

9.     On the Petition Date, the Petitioning Parties filed the Involuntary Petitions against the Alleged Debtors under Chapter 7 of the Bankruptcy Code, commencing the above captioned

3

Involuntary Cases (Case No. 26-14727 (EJO) as to Shaya Prager and Case No. 26-14723 (EJO) as to Mrs. Prager).

10.     The Petitioning Parties identify themselves on the face of the Involuntary Petitions as "Preferred Members" of three limited liability companies, Liberty 1100 VA DR Member LLC, Wood Ave 194 LLC, and Riverside Richmond Member LLC, and describe their claims uniformly as unpaid equity "returns" that have not been paid since November 2023. They attach no promissory note, no operating agreement, no accounting, and no judgment reducing any claim to a liquidated sum.

11.     The Petitioning Parties' grievance, in substance, is an intra-LLC dispute over the payment of preferred equity returns under the governing operating agreements. Whether any equity "return" is due, when it is due, in what amount, to whom, and on what conditions are all matters governed by those agreements, by applicable LLC law, and by the equity-side relationships among the members.

12.     That dispute is the subject of a comprehensive, actively litigated action pending in the Superior Court of New Jersey, Law Division, Ocean County, styled *Rupan Trikha, et al. v. Avrohom Prager a/k/a Shaya Prager and Shulamit Prager*, Docket No. OCN-L-1627-24, which was filed in July 2024 and has been pending for nearly two years.

13.     The plaintiffs in the State Court Action, who include the Petitioning Parties, allege aggregate preferred capital contributions of approximately $26 million across the same three ventures, and assert that the Alleged Debtors personally guaranteed the LLCs' obligations to pay preferred returns and to redeem the preferred capital contributions. The operative Amended Complaint asserts thirteen (13) counts, including breach of contract, breach of the implied

4

covenant of good faith and fair dealing, unjust enrichment, and breach of personal guaranty, and demands actual, compensatory, and punitive damages in an amount to be determined at trial.

14.     The Alleged Debtors have vigorously contested that action. They filed a comprehensive Answer denying liability and asserting fifteen (15) separate affirmative defenses, and they filed a Counterclaim and Third-Party Complaint against Dr. Lalit Patel and his entities (which are two of the plaintiffs in the case) arising out of a disputed $10 million restructuring payment. The parties are actively engaged in discovery and dispositive motion practice; the Alleged Debtors moved to dismiss Counts One through Nine of the Amended Complaint, and the State Court has entertained full briefing and oral argument on that motion, and will entertain reconsideration on that motion once the Section 362 automatic stay is no longer in place, as the original motion was denied based upon misrepresentations made to the State Court by the Petitioning Parties' counsel at oral argument.

15.     The State Court Action thus squarely places at issue every element of the Petitioning Parties' purported claims, including: (i) whether any equity "returns" are presently due and payable; (ii) the amount, if any, of any such returns; (iii) whether either Alleged Debtor is personally liable for any obligation of the LLCs in the first instance; (iv) the existence, scope, and effect of the operating agreements and guaranties; and (v) the Alleged Debtors' affirmative defenses, counterclaims, and offsets.

16.     No court or tribunal has determined that any sum certain is owed by either Alleged Debtor to any Petitioning Party. There is no judgment, no arbitration award, and no stipulation fixing any liquidated, undisputed obligation. The parties have engaged in settlement discussions, which have not produced any agreement.

5

17.     The Involuntary Petitions were filed on April 28, 2026, only eighteen (18) days after the State Court declined to dismiss Counts One through Nine of the Amended Complaint, and only days after the Alleged Debtors' counsel advised the State Court that the operating agreements on which the Petitioning Parties claimed to lack access had in fact been produced months earlier. The Petitioning Parties abandoned neither their claims nor the State Court Action; they simply opened a second front in this Court.

18.     On June 4, 2026, the Court held a hearing on the Alleged Debtors' pending motion to dismiss the Involuntary Petitions and the Petitioning Parties' opposition, and directed the parties to submit a joint scheduling order within thirty (30) days.

19.     The docket reflects no joinder to the Involuntary Petitions by any entity. Notwithstanding their awareness of these cases, no creditor has joined the Involuntary Petitions, moved to intervene as a petitioning creditor, or otherwise sought collective relief under Chapter 7. More than two months after the Petition Date, the Involuntary Petitions stand exactly as filed – prosecuted by five preferred-equity investors, through a single law firm, on the very same disputed claims that are the subject of the State Court Action.

## **ARGUMENT**

A.     The Court May Abstain From and Dismiss These Cases Under Section 305(a)(1) Where the Interests of Creditors and the Debtor Would Be Better Served

20.     Section 305(a)(1) of the Bankruptcy Code provides that "the court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1).

21.     Abstention under Section 305(a)(1) is committed to the sound discretion of the bankruptcy court and is decided on a case-by-case basis under the totality of the circumstances. In

6

evaluating whether the interests of creditors and the debtor would be better served by abstention and dismissal, courts consider several factors identified in relevant case law:

(i) the economy and efficiency of administration;

(ii) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

(iii) whether federal proceedings are necessary to reach a just and equitable solution;

(iv) whether there is an alternative means of achieving an equitable distribution of assets;

(v) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

(vi) whether a non-federal insolvency proceeding has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

(vii) the purpose for which bankruptcy jurisdiction has been sought.

*See In re AMC Investors, LLC*, 406 B.R. 478 (Bankr. D. Del. 2009) (enumerating seven-factor test); *In re Short Hills Caterers, Inc.*, 2008 WL 2357860 (Bankr. D.N.J. 2008) (enumerating both the traditional three-factor test and the broader seven-factor test).

22. These factors are not accorded equal weight, and not all of them apply in every case; the inquiry turns on the totality of the circumstances. *See id.* at 465 (noting that the factors are not exclusive and should be weighed based on the circumstances). The last factor, the purpose for which bankruptcy jurisdiction has been sought, has been identified as the most important in evaluating a request for abstention and dismissal under Section 305(a)(1). *See In re Persico Contracting & Trucking, Inc.*, 2010 WL 3766555, at *4 (Bankr. S.D.N.Y. 2010) (identifying the purpose as the most important factor); *In re AIG Financial Products Corp*, 651 B.R. 463 (Bankr. D. Del. 2023) (purpose factor playing a central role in the analysis).

7

B.      This Is a Two-Party Dispute That No Other Creditor Has
        <u>Joined, and the Purpose of the Filing Warrants Abstention</u>

23.     The most important factor, the purpose for which bankruptcy jurisdiction has been sought, points decisively toward abstention. The prototypical fact pattern under Section 305(a)(1) involves efforts by creditors to commence an involuntary case in order to gain leverage over, and to extract more favorable treatment from, a debtor in what is functionally a two-party dispute. *See In re Persico Contracting & Trucking, Inc.*, 2010 WL 3766555 at *4 (noting that the purpose of the filing is often the most significant factor in abstention analysis).

24.     That is precisely this case. The Petitioning Parties are five preferred equity investors, represented by a single law firm, whose claims are the subject of the State Court Action. They invoked this Court's involuntary jurisdiction not to marshal a collective remedy on behalf of a broad creditor body, but to gain a unilateral advantage in their private dispute with the Alleged Debtors.

25.     The post-petition record removes any doubt. In the more than two months since the Petition Date, and following a hearing before this Court, not one additional creditor has joined the Involuntary Petitions. Had a collective federal insolvency proceeding truly served the interests of the creditor body, those creditors could have joined the Petitioning Parties long ago. Their considered decision not to do so confirms that these cases are, and always have been, a two-party dispute.

26.     Courts in this District abstain from and dismiss involuntary cases that are, in substance, two-party disputes deployed as litigation leverage. *See In re Skyworks Ventures, Inc.*, 431 B.R. 573, 574 (Bankr. D.N.J. 2010) (dismissing involuntary petition where the court found that "the petition was filed in bad faith in a two party dispute as a litigation tactic to force a settlement"). The same considerations that condemn such filings make abstention appropriate

under Section 305(a)(1). *See id.*; *In re Mazzocone*, 200 B.R. 568 (E.D. Pa. 1996) (noting 305(a) abstention where bankruptcy forum used to resolve two-party dispute). The bankruptcy court is not a collection agency or a settlement extraction device for a discrete group of claimants who already have an adequate forum in which to press their claims. See *In re Mt. Dairies, Inc.*, 372 B.R. 623, 634 (Bankr. S.D.N.Y. 2007) (stressing that "the bankruptcy court is not a collection agency").

C.    The Remaining Factors Confirm that the Interests of Creditors
      and the Alleged Debtors Would Be Better Served by Abstention

27.    Another forum is available, and a proceeding is already pending there (second factor). The State Court Action has been pending for nearly two years and is being actively litigated. The State Court can adequately protect the interests of both the Petitioning Parties and the Alleged Debtors, and can adjudicate the existence, validity, and amount of the very claims that form the basis of the Involuntary Petitions. Where the primary claims at issue are based on state law and can be adequately determined in a pending state court proceeding, abstention is appropriate. *See In re SA Hospital Acquisition Group*, 660 B.R. 97 (D. Del. 2024) (affirming Bankruptcy Code section 305 dismissal in favor of a state receivership); *In re TPG Troy, LLC*, 492 B.R. 150, 160 (Bankr. S.D.N.Y. 2013), *aff'd*, 793 F.3d 228 (2d Cir. 2015) (holding that abstention was appropriate where state law issues predominated and a state court proceeding was pending).

28.    Federal proceedings are not necessary to reach a just and equitable solution (third factor). The disputes here are quintessentially matters of state contract, LLC, and guaranty law, presently before a court that has been managing them for years. Nothing about their resolution requires the machinery of a federal bankruptcy case.

29.    There is an alternative means of achieving an equitable distribution of assets (fourth factor). No creditor other than the Petitioning Parties seeks a collective distribution. To the extent

9

any creditor wishes to pursue a claim, ordinary state-law remedies, including the State Court Action and the other litigation the Petitioning Parties themselves describe, remain fully available.

30.     The economy and efficiency of administration favor abstention (first factor). Administering these estates in Chapter 7, with a trustee, a claims process, and the attendant expense, would duplicate, not advance, litigation that is already well underway in another forum, and would impose additional cost and delay on a dispute that is, at bottom, between two sides.

31.     The purpose for which bankruptcy jurisdiction was sought (the seventh and most important factor), as shown above, is to obtain leverage in a two-party dispute. That factor, together with the others, establishes that the interests of both the creditors and the Alleged Debtors would be better served by dismissal.

32.     Because the pending State Court Action provides a fully adequate forum in which the parties' dispute can be, and is being, resolved, and because no other creditor has joined the Petitioning Parties in seeking collective relief in the more than two months these cases have been pending, the Court should exercise its discretion to abstain from and dismiss the Involuntary Cases under Section 305(a)(1).

*[remainder of page intentionally left blank]*

10

## CONCLUSION

**WHEREFORE**, the Alleged Debtors respectfully request that the Court enter an order: (i) abstaining from and dismissing the Involuntary Cases pursuant to 11 U.S.C. § 305(a)(1); and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 16, 2026

**A.Y. STRAUSS LLC**

By:  */s/ Eric H. Horn*
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: (973) 287-0966
Fax: (973) 226-4104

Counsel to the Alleged Debtors

11

[Proposed Order]

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: (973) 287-0966
Fax: (973) 226-4104

*Counsel to the Alleged Debtors*

</td></tr>
</table>

| | |
|---|---|
| In re:<br><br>Shulamit Prager,<br><br>       Alleged Debtor. | Chapter 7<br><br>Case No. 26-14723 (EJO) |
| In re:<br><br>Avrohom Prager (a/k/a Shaya Prager),<br><br>       Alleged Debtor. | Chapter 7<br><br>Case No. 26-14727 (EJO) |

**[PROPOSED] ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER ABSTAINING FROM AND DISMISSING THESE INVOLUNTARY**
**CASES PURSUANT TO SECTION 305(a)(1) OF THE BANKRUPTCY CODE**

The relief set forth on the following page, numbered two (2) through three (3), is hereby

**ORDERED.**

Alleged Debtors:        Shulamit Prager and Avrohom Prager (a/k/a Shaya Prager)
Case Nos:               26-14723 (EJO); 26-14727 (EJO)
Caption of Order:       *Order Granting Abstention*

_____

THIS MATTER having been opened to the Court upon the motion (the "***Motion***") of Avrohom Prager (a/k/a Shaya Prager) and Shulamit Prager, the above-captioned alleged debtors (collectively, the "***Alleged Debtors***"), for entry of an order abstaining from and dismissing the above-captioned involuntary cases (collectively, the "***Involuntary Cases***") pursuant to Section 305(a)(1) of title 11 of the United States Code (the "***Bankruptcy Code***"); and the Court having reviewed the Motion and any responses and objections thereto; and the Court having considered the arguments of counsel at any hearing on the Motion; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be provided; and the Court having found that the interests of creditors and the Alleged Debtors would be better served by abstention from, and dismissal of, the Involuntary Cases; and for the reasons set forth in the Motion and on the record of any hearing on the Motion; and for good cause shown;

**IT IS HEREBY ORDERED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Section 305(a)(1) of the Bankruptcy Code, the Court hereby abstains from the Involuntary Cases, and the Involuntary Cases are hereby dismissed, including Case No. 26-14723 (EJO) as to Shulamit Prager and Case No. 26-14727 (EJO) as to Avrohom Prager (a/k/a Shaya Prager).

3.      The dismissal of the Involuntary Cases is without prejudice to the rights, claims, defenses, counterclaims, and remedies of the Alleged Debtors and the petitioning parties, all of which are expressly preserved and may be pursued in the pending action in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-1627-24, or in any other court of competent jurisdiction.

Alleged Debtors:   Shulamit Prager and Avrohom Prager (a/k/a Shaya Prager)
Case Nos:   26-14723 (EJO); 26-14727 (EJO)
Caption of Order:   *Order Granting Abstention*

---

4.    Each party shall bear its own attorneys' fees and costs incurred in connection with the Involuntary Cases and the Motion.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.